IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SOKAOGON CHIPPEWA COMMUNITY (aka MOLE LAKE BAND OF LAKE SUPERIOR CHIPPEWA INDIANS), | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 06-cv-00930L<br>Judge Lynn J. Bush |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**PARTIES' JOINT MOTION FOR**
**EXTENSION OF TEMPORARY STAY OF LITIGATION,**
**AND [PROPOSED] ORDER**

Pursuant to Rule 6.1 of the Rules of the United States Court of Federal Claims ("RCFC"), the parties respectfully make this joint motion for extension of the temporary stay of litigation, to and including October 26, 2007. The grounds for the joint motion are set forth in the following supporting joint status report:

1. Plaintiff filed this case on December 29, 2006. See Complaint, Doc. 1. Additionally, Plaintiff filed a companion case for declaratory and injunctive relief in the United States District Court for the District of Columbia, Sokaogon Chippewa Community v. Kempthorne, No. 06-cv-02247-JR (D.D.C.), on December 29, 2006. Plaintiff makes allegations in both cases relating to the trust accounting and trust management responsibilities allegedly owed by Defendant to Plaintiff.

2. Under the Court's February 23, 2007 order, the litigation of this case is temporarily stayed until June 27, 2007.

3. Since the filing of this case and the companion case in the United States District Court, Plaintiff's counsel, Glenn C. Reynolds, and Defendant's counsel have discussed and agreed that they would explore the possibility of resolving Plaintiff's issues and claims through settlement

discussions or alternative dispute resolution (ADR) processes; that they would undertake such activities as informal requests and productions of relevant or potentially relevant documents and data, in furtherance of the settlement discussions; and that they would seek temporary stays of litigation, thus deferring Defendant's obligation to file its Answer or otherwise respond to the Complaint in this case, as well as the parties' obligations to comply with the requirements of RCFC Appendix A, among other things, so as to enable or facilitate the parties' settlement discussions.

4. Also, counsel for the parties have discussed that, by Defendant's calculation, there are presently about 102 Tribal trust accounting and trust mismanagement lawsuits pending against Defendant in this Court;[1/] in the United States District Courts in Oklahoma;[2/] and in the United States District Court in D.C.[3/] Doc. # 8, Exh. 1.

5. The parties herein believe that it would be in their best interests to work together and resolve Plaintiff's issues and claims in this case and the D.D.C. companion case, without the need for protracted litigation, if possible. Accordingly, the parties' counsel have agreed that the parties should seek to stay the litigation of this case and formulate and execute an appropriate, amicable, and mutually satisfactory alternative resolution of Plaintiff's issues and claims.

6. To that end, the parties' counsel are preparing to confer and establish an informal settlement discussion process between Plaintiff, its counsel, and its officials; and Defendant, its

---

[1/] Given that, upon unopposed motion by the plaintiff, the CFC dismissed, without prejudice, Miami Tribe of Oklahoma v. United States, No. 06cv00939-ECH, on May 22, 2007, there are now 56 cases in the CFC. See Doc. #8, Exhibit (Exh.) 1.

[2/] There are currently nine cases in the United States District Courts in Oklahoma. Id.

[3/] There are currently 37 cases pending in the United States District Court for the District of Columbia.

counsel, and the appropriate officials and/or staffers from the United States Department of the Interior and the United States Department of the Treasury (i.e., the principally affected federal agencies in this case).

7. To advance this proposed informal settlement discussion process, the parties' counsel have established a process through which, upon informal request by Plaintiff, Defendant will provide to Plaintiff copies or images of or access to certain non-privileged documents and/or data relating or potentially relating to Plaintiff's issues and claims in this case and its D.D.C. companion case. Among other documents, Defendant has produced to Plaintiff the results and supporting materials relating to the Tribal trust fund account reconciliation project, conducted by the Interior Department (through its contractor, Arthur Andersen, LLP), on the 1972-1992 period of the Tribe's accounts. The parties plan to schedule a meeting in August or September, 2007, in which Interior, principally, the Office of Historical Trust Accounting (OHTA), and its accounting consultants will make a presentation to Plaintiff, its counsel, and its officials, about the trust fund account reconciliation project results and explain various aspects thereof, including the reconciliation methodologies, analyses, and documentation.

8. The parties' counsel intend to negotiate the terms and conditions of joint stipulations and proposed orders to protect the confidentiality of certain documents and data to be provided by Defendant to Plaintiff and to protect the confidentiality of the parties' settlement discussions. Upon completion of the negotiations, counsel will execute and file the joint stipulations with this Court and the United States District Court for their review and possible approval and entry as orders.

9. The parties intend to evaluate and discuss the possible applicability of the project currently being undertaken by the Inter-Tribal Monitoring Association (ITMA) and OHTA to

address certain trust accounting and trust fund mismanagement claims, to the claims being raised in this case and in the District Court companion case. Defendant has provided some materials about the ITMA-OHTA project to Plaintiff, and it expects to provide other materials to Plaintiff shortly.

10. The parties have made progress in their efforts to determine the possibility of resolving Plaintiff's issues and claims, without the need for protracted litigation. At the same time, however, the parties require time to complete their discussions; continue their informal document production process; and establish and implement an informal settlement discussion process.

11. Based on the foregoing, the parties hereby respectfully request that the Court grant the following relief:

a. Extend the temporary stay of litigation in this case, to and including October 26, 2007;

b. Continue the deferral of, among other things, the obligation for Defendant to file its Answer or otherwise respond to the Complaint until after the termination of the temporary stay and the obligation of the parties to comply with the requirements of RCFC Appendix A;

c. Order that the parties file a joint status report on or before October 26, 2007, informing the Court of the status of their efforts to resolve the issues and claims of this case, and making a proposal—by motion, if appropriate—to the Court about whether and how to proceed with this case.

12. On the one hand, the granting of this joint motion would serve the public interest by promoting judicial economy and efficiency and conserving the parties' limited resources. Further, it would not cause any undue prejudice or harm to the rights and interests of the parties herein. On

the other hand, the denial of the joint motion would unduly interfere with the parties' ability to work with each other and devise an efficient, cost-effective, and resource-conserving way for resolving the issues and claims in this case and in Plaintiff's D.D.C. companion case, without the need for extended litigation. Additionally, it would not support or advance Defendant's ability to address and possibly handle the other Tribal trust case accounting and trust mismanagement cases that have been filed in this and other cases filed in the CFC and in United States District Courts, in a similar, non-litigation-oriented manner.

WHEREFORE, the parties respectfully request that their joint motion be GRANTED.

Respectfully submitted this 27th day of June, 2007,

RONALD J. TENPAS
Acting Assistant Attorney General

*s/ Martin J. LaLonde for*
*s/ Patricia A. Marks*
PATRICIA A. MARKS
15992 A.E. Mullinix Road
Woodbine, MD 21797-8440
Tel: (410) 489-4553
Fax: (301) 854-5117

Attorney of Record for Plaintiff

*s/ Martin J. LaLonde*
MARTIN J. LALONDE
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0247
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

GLENN C. REYNOLDS
407 East Main Street
Madison, WI 53703
Tel: (608) 257-3621
Fax: (608) 257-5551

OF COUNSEL:

ANTHONY P. HOANG
CAROL DRAPER
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241 / 0465
Fax: (202) 353-2021

SHANI WALKER
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

RACHEL HOWARD
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227