IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SOKAOGON CHIPPEWA COMMUNITY (aka MOLE LAKE BAND OF LAKE SUPERIOR CHIPPEWA INDIANS), | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 06cv00930L<br>Judge Lynn J. Bush |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**PARTIES' SECOND JOINT MOTION FOR EXTENSION OF TEMPORARY STAY OF LITIGATION, SUPPORTING JOINT STATUS REPORT, AND [PROPOSED] ORDER**

Pursuant to Rule 6.1 of the Rules of the United States Court of Federal Claims ("RCFC") and pursuant to this Court's order dated June 29, 2007, the parties respectfully make this second joint motion for extension of the temporary stay of litigation, to and including February 25, 2008. The grounds for the second joint motion are set forth in the following supporting joint status report:

1. Plaintiff filed this case on December 29, 2006. See Complaint, Docket No. (Dkt.) 1. Additionally, Plaintiff filed a parallel case for declaratory and injunctive relief in the United States District Court for the District of Columbia, Sokaogon Chippewa Community v. Kempthorne, No. 06-cv-02247-JR (D.D.C.), on December 29, 2006. Plaintiff makes allegations in both cases relating to the trust accounting and trust management responsibilities allegedly owed by Defendant to Plaintiff.

2. Under the Court's June 29, 2007 order, the litigation of this case was temporarily

stayed until October 26, 2007.[1]

3. As previously reported, since the filing of this case and Plaintiff's parallel case in the United States District Court, Plaintiff's counsel, Glenn C. Reynolds, and Defendant's counsel have discussed and agreed that they would explore the possibility of resolving Plaintiff's issues and claims through settlement discussions or alternative dispute resolution (ADR) processes; that they would undertake such activities as informal requests and productions of relevant or potentially relevant documents and data, in furtherance of the settlement discussions; and that they would seek temporary stays of litigation, thus deferring Defendant's obligation to file its Answer or otherwise respond to the Complaint in this case, as well as the parties' obligations to comply with the requirements of RCFC Appendix A, among other things, so as to enable or facilitate the parties' settlement discussions.

4. Also, counsel for the parties have discussed that, by Defendant's calculation, there are presently 104 Tribal trust accounting and trust mismanagement lawsuits pending against Defendant in this Court;[2] in the United States District Courts in Oklahoma;[3] and in the United States District Court in D.C.[4] Exh. 1.

5. The parties herein believe that it would be in their best interests to work together and resolve Plaintiff's issues and claims in this case and the parallel case in the District Court, without

---

1/ The parties are filing herewith a joint motion for leave to file this joint motion and supporting joint status report out of time.

2/ There are currently 58 cases in the CFC. See Exhibit (Exh.) 1 hereto.

3/ There are currently nine cases in the United States District Courts in Oklahoma. Id.

4/ There are currently 37 cases pending in the United States District Court for the District of Columbia.

the need for protracted litigation, if possible. Accordingly, the parties' counsel have agreed that the parties should seek to stay the litigation of this case and formulate and execute an appropriate, amicable, and mutually satisfactory alternative resolution of Plaintiff's issues and claims.

6. To that end, the parties' counsel have conferred and agreed to establish an informal settlement discussion process between Plaintiff, its counsel, and its officials; and Defendant, its counsel, and the appropriate officials and/or employees from the United States Department of the Interior and the United States Department of the Treasury (i.e., the principally affected federal agencies in this case).

7. To advance this proposed informal settlement discussion process, the parties' counsel have established a process through which, upon informal request by Plaintiff, Defendant will provide to Plaintiff copies or images of or access to certain non-privileged documents and/or data relating or potentially relating to Plaintiff's issues and claims in this case and its parallel case in the District Court. Among other documents, Defendant has produced to Plaintiff the results and supporting materials relating to the Tribal trust fund reconciliation project, conducted by the Interior Department (through its contractor, Arthur Andersen, LLP), on the 1972-1992 period of the Tribe's accounts. The parties are planning to schedule a meeting in which Interior, principally, the Office of Historical Trust Accounting (OHTA), and its accounting consultants will make a presentation to Plaintiff, its counsel, and its officials, about the trust fund account reconciliation project results and explain various aspects thereof, including the reconciliation methodologies, analyses, and documentation.

8. The parties are planning to negotiate the terms and conditions of joint stipulations and proposed orders to protect the confidentiality of certain documents and data to be provided by Defendant to Plaintiff and to protect the confidentiality of the parties' settlement discussions. Upon

completion of the negotiations, the parties will execute and file the joint stipulations with this Court and the United States District Court for their review and possible approval and entry as orders.

9. Plaintiff has been and continues to evaluate the possible applicability of the project currently being undertaken by the Inter-Tribal Monitoring Association (ITMA) and OHTA to address certain trust accounting and trust fund mismanagement claims, to the claims being raised in this case and in the parallel case in the United States District Court. Defendant and its counsel have provided materials about the ITMA-OHTA project to Plaintiff and its counsel for their review and consideration.

10. The parties have made some progress in their efforts to determine the possibility of resolving Plaintiff's issues and claims, without the need for protracted litigation. At the same time, however, the parties require additional time to complete their discussions; implement their foregoing plans; undertake their informal document production process; and establish and proceed with an informal settlement discussion process. Further, they believe that the outcome of certain activities in Plaintiff's parallel case in the United States District Court is likely to affect this case.

11. On July 2, 2007, the United States District Court issued an order in Plaintiff's parallel case, Sokaogon Chippewa Community, No. 06-cv-02247-JR, as well as the other 36 Tribal trust accounting and trust mismanagement cases currently pending before the Court, in which the Court, inter alia, issued a temporary stay of the litigation in the 37 cases, instructed Defendant to file a motion for remand in the cases by a date certain or be deemed to have waived the motion, and ordered that those cases in which Defendant filed a remand motion be consolidated for the limited purpose of deciding the remand motion. See Order dated July 2, 2007, in Sokaogon Chippewa Community, No. 06-cv-02247-JR (attached hereto as Exhibit 2). Based on a subsequent, court-

granted 10-day extension of time, Defendant filed a remand motion in Sokaogon Chippewa Community, No. 06-cv-02247-JR, as well as the other 36 Tribal trust cases, on August 10, 2007.

12. Briefing on Defendant's remand motion is currently scheduled to end on or about November 21, 2007. Thereafter, the United States District Court is likely to conduct a hearing on the motion and issue a ruling. The parties herein believe that the District Court's decision on the remand motion is likely to have an impact on the proceedings in this case. Therefore, they believe that it would make eminently good sense to seek an extension of the current temporary stay of litigation, to and including February 25, 2008, so as to allow, among other things, an opportunity for the District Court to review and decide the remand motion and, in the event that the District Court renders a decision thereon, for the parties to evaluate the decision, confer, determine, and make a proposal to the Court about whether and how to proceed with this case.

13. Based on the foregoing, the parties hereby respectfully request that the Court grant the following relief:

a. Extend the temporary stay of litigation in this case, to and including February 25, 2008;

b. Continue the deferral of, among other things, the obligation for Defendant to file its Answer or otherwise respond to the Complaint until after the termination of the temporary stay and the obligation of the parties to comply with the requirements of RCFC Appendix A;

c. Order that the parties file a joint status report on or before February 25, 2008, informing the Court of the status of their efforts to resolve the issues and claims of this case, and making a proposal—by motion, if appropriate—to the Court about whether and how to proceed with this case.

14. On the one hand, the granting of this joint motion would serve the parties' interests by conserving their limited resources and also promote the goals of judicial economy and efficiency. Further, it would not cause any undue prejudice or harm to the rights and interests of the parties. On the other hand, the denial of the joint motion would impair the parties' ability to work with each other and devise an efficient, cost-effective, and resource-conserving way for resolving the issues and claims in this case and in Plaintiff's parallel case in the United States District Court, without the need for protracted litigation.

WHEREFORE, the parties respectfully request that their joint motion be GRANTED.

Respectfully submitted this 29th day of October, 2007,

RONALD J. TENPAS
Acting Assistant Attorney General

*s/ Patricia A. Marks, by s/ Carol L. Draper pursuant to written authorization on October 29, 2007*

PATRICIA A. MARKS
15992 A.E. Mullinix Road
Woodbine, MD 21797-8440
Tel: (410) 489-4553
Fax: (301) 854-5117

Attorney of Record for Plaintiff

*s/ Carol L. Draper*

CAROL L. DRAPER
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0465
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

GLENN C. REYNOLDS
407 East Main Street
Madison, WI 53703
Tel: (608) 257-3621
Fax: (608) 257-5551

OF COUNSEL:

ANTHONY P. HOANG
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021

SHANI N. WALKER
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA E. DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227