IN THE UNITED STATES COURT OF FEDERAL CLAIMS

SOKAOGON CHIPPEWA COMMUNITY )
(aka MOLE LAKE BAND OF LAKE )
SUPERIOR CHIPPEWA INDIANS), )
)
Plaintiff, )
)
v. ) Case No. 06cv00930L
) Judge Lynn J. Bush
THE UNITED STATES OF AMERICA, )
)
Defendant. )
)

**PARTIES' THIRD JOINT MOTION FOR EXTENSION OF TEMPORARY STAY OF LITIGATION, SUPPORTING JOINT STATUS REPORT, AND [PROPOSED] ORDER**

Pursuant to Rule 6.1 of the Rules of the United States Court of Federal Claims ("RCFC"), as well as this Court's order dated November 7, 2007, the parties respectfully make this joint motion for extension of the temporary stay of litigation, to and including July 25, 2008. The current temporary stay of litigation expires on February 25, 2008. This motion is the parties' third such motion. The grounds for the joint motion are set forth in the following supporting joint status report:

1. Plaintiff filed this case on December 29, 2006. See Complaint, Docket ("Dkt.") 1. Additionally, Plaintiff filed a parallel case for declaratory and injunctive relief in the United States District Court for the District of Columbia, Sokaogon Chippewa Community v. Kempthorne, No. 06-cv-02247-JR (D.D.C.), on December 29, 2006. Plaintiff makes allegations in both cases relating to the trust accounting and trust management responsibilities allegedly owed by Defendant to Plaintiff.

2. Under the Court's November 7, 2007 order, the litigation of this case was temporarily stayed until February 25, 2008. Dkt. 17.

3. Since the filing of Plaintiff's cases in this Court and in the United States District Court, counsel for the parties have conferred and agreed that it would be in the best interests of the parties to explore the possibility of resolving Plaintiff's issues and claims through settlement discussions or alternative dispute resolution (ADR) processes and without the need for protracted litigation; that they would undertake such activities as informal requests and productions of relevant or potentially relevant documents and data, in furtherance of the settlement discussions; and that they would seek temporary stays of litigation, thus deferring Defendant's obligation to file its Answer or otherwise respond to the Complaint in this case, as well as the parties' obligations to comply with the requirements of RCFC Appendix A, among other things, so as to enable or facilitate the parties' settlement discussions.

4. Also, counsel for the parties have discussed that, by Defendant's calculation, there are presently 101 Tribal trust accounting and trust mismanagement lawsuits pending against Defendant in this Court;[1/] in the United States District Courts in Oklahoma;[2/] and in the United States District Court in D.C.[3/] Exh. 1.

5. The parties have begun their informal document process for requesting and producing or providing access to certain non-privileged documents and data that are deemed relevant or potentially relevant to Plaintiff's trust accounting and trust mismanagement claims. Among other

---

[1/] There are currently 55 cases docketed in the CFC and one case currently awaiting docketing after being transferred from the United States District Court for the Northern District of Oklahoma on December 14, 2007. <u>See</u> Exhibit ("Exh.") 1 hereto.

[2/] There are currently eight cases in the United States District Courts in Oklahoma. <u>Id.</u>

[3/] There are currently 37 cases pending in the United States District Court for the District of Columbia.

documents and data, Defendant has produced the results and supporting materials from the Tribal trust fund reconciliation project, conducted by the Interior Department (through its contractor, Arthur Andersen, LLP), on the 1972-1992 period of Plaintiff's accounts. Currently, Defendant is reviewing Plaintiff's requests for other documents and data relating to Plaintiff's accounts, including investments and legacy accounting systems, and preparing responses thereto. Many of these documents and data contain confidential information that require the entry of appropriate protective orders by this Court and the United States District Court for the District of Columbia. The parties have been and continue to be conferring about scheduling a meeting in which the United States Department of the Interior—principally, the Office of Historical Trust Accounting (OHTA)—and its accounting consultants would make a presentation to Plaintiff, its counsel, and its officials, about the trust fund account reconciliation project results and explain various aspects thereof, including the reconciliation methodologies, analyses, and documentation.

6. Plaintiff is currently reviewing the terms and conditions of Defendant's drafts of the joint stipulations for the protection of document and data confidentiality and of settlement discussion confidentiality. Upon finalization, the parties will execute and file the joint stipulations with this Court and the United States District Court for their reviews and possible entries as orders.

7. Plaintiff and its counsel have been and continue to be evaluating the possible applicability and utility of the project currently being undertaken by the Inter-Tribal Monitoring Association (ITMA) and OHTA to address certain trust accounting and trust fund mismanagement claims. Defendant and its counsel have provided materials about the ITMA-OHTA project to Plaintiff and its counsel for their review and consideration.

8. The parties have made some progress in their efforts to determine the possibility of

resolving Plaintiff's issues and claims, without the need for protracted litigation. At the same time, however, the parties require additional time to complete their discussions; implement their foregoing plans; undertake their informal document production process; and establish and proceed with an informal settlement discussion process.

9. On January 16, 2008, counsel for the parties conferred by telephone and agreed that Plaintiff would file a status report in its companion case in the United States District Court in the District of Columbia, Sokaogon Chippewa Community, No. 06-cv-02247-JR, and request a temporary stay of litigation, to and including July 25, 2008, so that the parties could continue their informal document production efforts and settlement discussions. Plaintiff did so on January 25, 2008. Dkt. 23.

10. The parties believe that it would be a wise, efficient, and conservative use of their scarce resources to propose the deadlines and schedules for this case be aligned with those for Plaintiff's parallel case in the United States District Court for the District of Columbia. Accordingly, the parties hereby respectfully request that the Court grant the following relief:

a. Extend the temporary stay of litigation in this case, to and including July 25, 2008;

b. Continue the deferral of, among other things, the obligation for Defendant to file its Answer or otherwise respond to the Complaint, the obligation of the parties to comply with the requirements of RCFC Appendix A, and any other litigation-related obligations, until after the termination of the temporary stay;

c. Order that the parties file a joint status report on or before July 25, 2008, informing the Court of the status of their efforts to resolve the issues and claims of this case, and

making a proposal—by motion, if appropriate—to the Court about whether and how to proceed with this case.

11. The granting of this joint motion will not cause any prejudice or harm to the rights and interests of the parties. Rather, it will promote the goals of judicial efficiency and economy and also serve the parties' interests by conserving their limited resources for informal document and data production and settlement discussions or alternative dispute resolution. The denial of the joint motion will impair the parties' ability, however, to work jointly and cooperatively to devise an efficient, cost-effective, and resource-conserving way for resolving Plaintiff's trust accounting and trust mismanagement issues and claims, without the need for extended litigation.

WHEREFORE, the parties respectfully request that their joint motion be GRANTED.

Respectfully submitted this 25th day of February, 2008,

*s/ Patricia A. Marks, by s/ Matthew M. Marinelli, pursuant to written authorization provided on February 25, 2008*
PATRICIA A. MARKS
15992 A.E. Mullinix Road
Woodbine, MD 21797-8440
Tel: (410) 489-4553
Fax: (301) 854-5117

Attorney of Record for Plaintiff

OF COUNSEL

GLENN REYNOLDS
407 East Main Street
Madison, WI 53703
Tel: (608) 257-3621
Fax: (608) 257-5551

RONALD J. TENPAS
Assistant Attorney General

*s/ Matthew M. Marinelli*
MATTHEW M. MARINELLI
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0293
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

ANTHONY P. HOANG
KEVIN E. REGAN
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section

P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Tel: (202) 305-3022
Fax: (202) 353-2021

SHANI WALKER
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA E. DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227